UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN M. SIEWAK and
FERDINAND BARLOW

    Plaintiffs,

v.                                              Case No.  8:06-cv-927-T-24EAJ

AMSOUTH BANK and
OZZIE MANCINELLI
    Defendants.
_____/

**ORDER**

    This cause comes before the Court on Defendant Ozzie Mancinelli's Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. Nos. 4, 5.)  Plaintiffs Kathleen M. Siewak and Ferdinand Barlow oppose this motion.  (Doc. Nos. 31, 32.)  Also before the Court is Plaintiffs/Counter-Defendants Siewak and Barlow's Motion to Dismiss Counts Two and Three of the Counterclaim that Mancinelli filed against them for failure to join indispensable parties pursuant to Rule 12(b)(7).  (Doc. Nos. 30, 34.)  Defendant/Counter-Plaintiff Mancinelli opposes this motion.  (Doc. No. 38.)

**I.**      **Background**

    On April 13, 2006, Plaintiffs Siewak and Barlow filed this one-count complaint for declaration of homestead status under the Florida Declaratory Judgment Act, Chapter 86, Florida Statutes.  (Pls.' Compl. ¶ 1.)  Plaintiffs allege the following:  Plaintiffs own the property located at 1573 Coachmakers Lane, Clearwater, Florida.  (*Id.* at 9, 12.)  They reside at that property, and

it qualifies for the homestead exemption under Florida law. (*Id.* at 12, 15.) Siewak and Barlow each recorded a notice of designation of homestead status, in which they each designated a one-half acre portion of the property as homestead property. (*Id.* at 16.) Attached to the Complaint are the Designation of Homestead declarations signed by Siewak and Barlow that describe the portion of the homestead property as "[c]ontaining 0.5 acres more or less." (*Id.* at Ex. B.)

Defendant Mancinelli sued Plaintiffs for employment-related torts in a California state court. (*Id.* at 11.) After a lengthy jury trial, on June 28, 2004, Mancinelli obtained a judgment against them individually and against Rustie's Unique Designs, Inc. (*Id.* at 11, Ex. A.) Thereafter, Mancinelli instituted an action in Pinellas County, Florida to domesticate the California judgment against them. (*Id.* at 10.) This judgment "casts some doubt or cloud upon the marketability of Plaintiffs' title" to their property. (*Id.* at 14.) On July 19, 2004, Siewak executed a quitclaim deed for the subject property. (*Id.* at Ex. A.) By this quitclaim deed, Siewak transferred the entire interest in the property to herself and Barlow as joint tenants with rights of survivorship "for $100.00, and other good and valuable consideration." (*Id.*)

In Count One, Siewak and Barlow seek a declaration that their property is homestead property and that it is exempt from seizure and sale. (*Id.* at 16.) They further seek a declaration that Mancinelli's judgment lien is not enforceable against their property, "or, at a minimum does not attach to the collective one acre (½ acre each to Barlow and Siewak) . . . ." (*Id.*)

On May 22, 2006, Mancinelli filed a six-count Counterclaim against Siewak and Barlow. (Doc. No. 7, ¶¶ 1-8.) Mancinelli alleges the following: Siewak and Barlow used and continue to use the property at issue in this case as the business address and physical plant for Rustie's International, Inc. and Rustie's Unique Designs, Inc. (*Id.* at 2, 4.) Siewak and Barlow also

2

reside at that property. (*Id.* at 10.) Siewak and Barlow's use of that property for their business is inconsistent with their designation of the property as a homestead. (*Id.* at 5.)

In June 2004, Mancinelli obtained a judgment against Siewak, Barlow, and Rustie's Unique Designs, Inc. in a California state court action in the amount of $962,029.00, which included $350,000.00 in punitive damages. (*Id.* at 6, Ex.A.) On June 21, 2004, Mancinelli domesticated the judgment in Florida by filing it in a state court in Pinellas County, Florida. (*Id.* at 7.)

On July 19, 2004, Siewak quitclaimed the property at issue to herself and Barlow as joint tenants, and on February 3, 2005, Siewak and Barlow each designated their one-half interest in the property as homestead property. (*Id.* at 9, 16.) The property's dimensions are 207 feet by 312 feet, and therefore, it consists of 64,584 feet, or 1.48 acres. (*Id.* at 21, Ex. E.) On July 21, 2004, Rustie's International, Inc. purchased the assets of Rustie's Unique Designs, Inc. for its appraised value of $2,850. (*Id.* at 11, Ex. D.)

In Count One, Mancinelli alleges that Siewak and Barlow conspired to effect a fraudulent transfer of the property via the quitclaim deed in order to prevent him from executing the California judgment. (*Id.* at 4.) In Count Two, he alleges that they violated Florida Statutes §§ 726.105 and 726.106 by fraudulently transferring the property without legal consideration. (*Id.* at 5-6.) He also alleges that Siewak and Barlow fraudulently transferred the assets of Rustie's Unique Designs, Inc. to Rustie's International, Inc. in order to prevent him from executing the judgment. (*Id.*) At a trade show on January 27, 2006, Mancinelli witnessed Siewak and Barlow conducting the same business under the name Rustie's International, Inc. that they previously conducted under the name Rustie's Unique Designs, Inc. (*Id.*)

3

Next, in Count Three, Mancinelli seeks a declaration that Rustie's International, Inc. is a mere continuance of Rustie's Unique Designs, Inc. (*Id.* at 34-35.) Mancinelli also seeks a declaration that Siewak and Barlow are not entitled to a homestead exemption on the subject property under Florida Constitution Article 10, Section 4(a) because the property consists of 1.48 contiguous acres within the municipality of Clearwater, Florida, and therefore, exceeds the one-half acre maximum permitted by law for homestead property. (*Id.* at 36-38.) In Count Four, Mancinelli alleges that because the property is not protected by any exemption, the property should be sold by the United States Marshall to satisfy the judgment lien. (*Id.* at 39-43.) Finally, in Counts Five and Six, Mancinelli alleges that an accounting is necessary to determine which portion of the property, if any, is exempt, and that the property should be partitioned to separate the exempt portion from the non-exempt portion. (*Id.* at 44-47.)

**II.     Standard of Review**

When ruling on a motion to dismiss for failure to state a claim, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Id.* at 47, 78 S. Ct. at 103.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff may ultimately prevail on its theory, "but whether the allegations are sufficient to allow [the

plaintiff] to conduct discovery in an attempt to prove [its] allegations." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

**III.    Discussion**

Before the Court are two competing motions to dismiss. Mancinelli argues that Siewak and Barlow's Complaint for declaration of homestead status under the Florida Declaratory Judgment Act, Chapter 86, Florida Statutes should be dismissed pursuant to Rule 12(b)(6) because they failed to state a claim upon which relief can be granted. (Doc. Nos. 4, 5). Siewak and Barlow argue that Counts Two and Three of Mancinelli's Counterclaim should be dismissed pursuant to Rule 12(b)(7) because Mancinelli failed to join Rustie's Unique Designs, Inc. and Rustie's International, Inc. as parties to this action. (Doc. Nos. 30, 34.)

**A.    Mancinelli's Motion to Dismiss Siewak and Barlow's Complaint pursuant to Rule 12(b)(6)**

Mancinelli argues that Siewak and Barlow have failed to state a claim upon which relief can be granted because they are claiming a homestead exemption for property that exceeds the half-acre maximum permitted by the Florida homestead law. He argues that Siewak's conveyance of the property to herself and Barlow–if valid–resulted in each of them owning .74 acres of the property. Furthermore, he argues that Siewak and Barlow failed to comply with the statutory requirements of Florida Statute § 222.01, which requires that a specific notice of designation of homestead be given to judgment creditors. In support of his Motion, Mancinelli filed a Request for Judicial Notice pursuant to Federal Rule of Evidence 201 in which he requests that the Court take judicial notice of the Pinellas County Property Appraiser Information concerning the property at issue.

In response, Siewak and Barlow concede that their total property amounts to 1.4 acres of

land, which exceeds the maximum .5 acres permitted by law. They argue, however, that they divided the property in half and then each designated a one-half acre portion of the property as homestead property. They argue that the Court may declare what portion of the remaining property, if any, is subject to forfeiture. Furthermore, they argue that the filing of a designation of homestead pursuant to § 222.01 is not mandatory and that they provided Mancinelli notice of their designation of homestead with their Complaint.

The Florida Constitution provides a homestead exemption to real property that is located within a municipality so long as the property is limited to "one-half acre of contiguous land" and is "the residence of the owner or his family." Fla. Const. art X, § 4(a)(1). "Florida caselaw dictates that the homestead exemption laws be liberally applied to the end that the family shall have shelter and shall not be reduced to absolute destitution." *In re Englander*, 95 F.3d 1028, 1031 (11th Cir. 1996). However, "great care should be given to prevent homestead laws from becoming instruments of fraud, an imposition on creditors, or a means to escape honest debts." *Frase v. Branch*, 362 So. 2d 317, 319 (Fla. 2d DCA 1978).

To qualify for the homestead exemption, the property must meet all of the requirements of the Florida Constitution, including the acreage limitation, the ownership requirement, and the residency requirement. *In re Englander*, 95 F.3d at 1031. "Florida courts have denied the exemption to property that exceeds the allowed limitations of residency by dividing the property, and allowing the non-exempt property to be sold for payment of the owner's debts." *Id.* Furthermore, when a debtor's property exceeds the one-half acre allowed for a municipal homestead, "he cannot declare as exempt his entire parcel, but may select his homestead in any contiguous shape from his qualifying lands." *In re Kellogg*, 197 F.3d 1116, 1120 (11th Cir.

1999) (internal quotations and citations omitted).  The debtor may "reasonably designate his one-half acre portion of the property, so long as the remaining portion has legal and practical use." *Id.*

Viewing the Complaint in the light most favorable to Siewak and Barlow, the Court finds that they have sufficiently alleged facts to support their claim that at least a portion of their property is protected by the homestead exemption.  Siewak and Barlow specifically allege that they own the property at issue, that they reside at the property, and that the property is located within the municipal limits.  They also filed Designation of Homestead declarations in which they each designated "0.5 acres more or less" as homestead property.  These allegations are sufficient to allow them to conduct discovery regarding each element of the Florida homestead exemption, including whether the property qualifies as a residence despite its alleged business purpose, whether the property can be lawfully divided into exempt and non-exempt portions, and if so, whether they can carve out a portion of their property to keep as their homestead or whether the Court may direct that the property be sold and the proceeds divided.  *See e.g., In re Kellogg*, 197 F.3d at 1121-22 (affirming the bankruptcy court's decision to order the property sold and the proceeds divided because the local zoning laws prohibited subdividing the property at issue).  Whether they can ultimately prove that they are entitled to the homestead exemption for any or all of their property is an issue for the trier of fact or that can be raised in a motion for summary judgment.

Furthermore, the Court rejects Mancinelli's contention that Siewak and Barlow's failure to comply with § 222.01 warrants dismissal of the case because the language of that statute is permissive–not mandatory.  Fla. Stat. § 222.01 (stating that the person who is entitled to the

homestead exemption "*may* file a notice of homestead in the public records of the county in which the homestead property is located") (emphasis added). Accordingly, the Court denies Mancinelli's Motion to Dismiss Plaintiffs' Complaint. (Doc. Nos. 4, 5).

> **B. Siewak and Barlow's Motion to Dismiss Counts Two and Three of Mancinelli's Counterclaim pursuant to Rule 12(b)(7)**

Siewak and Barlow briefly argue that Counts Two and Three of Mancinelli's Counterclaim should be dismissed because Mancinelli failed to join Rustie's Unique Designs, Inc. and Rustie's International, Inc. as parties to this action. Siewak and Barlow argue that those companies have distinct legal interests and defenses to Mancinelli's Counterclaim, which should be asserted separately. In response, Mancinelli argues that dismissal is inappropriate and requests permission to amend his Counterclaim. Attached to Mancinelli's Response is his "First Amended Complaint" in which he asserts claims against the two companies.

Under Rule 19, there is a two-part test for determining whether a party is indispensable. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 244 F.3d 1263, 1279 (11th Cir. 2003). "First, the court must ascertain under the standards of Rule 19(a) whether the [party] in question is one [that] should be joined if feasible. If the [party] should be joined but cannot (because for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Id.* at 1280 (quotation and citation omitted). Rule 19(a) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . . ." Fed. R. Civ. P. 19(a).

Here, Mancinelli alleges that Siewak and Barlow fraudulently transferred the corporate

assets of Rustie's Unique Designs, Inc. to Rustie's International, Inc. in order to prevent him from executing the judgment against them and against Rustie's Unique Designs, Inc.  He also seeks a judicial determination that Rustie's International, Inc. is a mere continuance of Rustie's Unique Designs, Inc.  These claims necessarily involve the two companies' legal interests, and therefore complete relief cannot be accorded without their participation in the suit.  *See* Fed. R. Civ. P. 19(a)(1).  Furthermore, Siewak and Barlow have not identified any reason why joinder of the two companies is not feasible.  *See Focus on the Family*, 344 F.3d at 1280.  Their participation will not deprive the Court of its diversity jurisdiction because the companies, Siewak, and Barlow are all Florida citizens (and subject to service of process in Florida), while Mancinelli is a California citizen.  Therefore, the Court denies Siewak and Barlow's Motion to Dismiss Counts II and III of Mancinelli's Counterclaim and directs Mancinelli to amend his Counterclaim to assert claims against Rustie's Unique Designs, Inc. and Rustie's International, Inc.  *See* Fed. R. Civ. P. 19(a) ("If the [party to be joined if feasible] has not been so joined, the court shall order that person be made a party.").

**IV.   Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Mancinelli's Motion to Dismiss Plaintiffs' Complaint (Doc. Nos. 4, 5) is **DENIED**.  Siewak and Barlow's Motion to Dismiss (Doc. Nos. 30, 34) is **DENIED**.  Mancinelli is directed to file an Amended Counterclaim on or before January 31, 2007.

The Court notes that the certificates of service attached to Mancinelli's pleadings are signed by Bryan Rho, who is an attorney employed by The McMillan Law Firm representing Mancinelli.  Mr. Rho is not admitted to practice before this Court, and therefore, he may not sign

9

any pleadings or certificates of service that are filed in this Court. If Mr. Rho wishes to represent Mancinelli in this action, he must file a motion to appear pro hac vice in accordance with Local Rule 2.02.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of January, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record