UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN M. SIEWAK and
FERDINAND BARLOW

    Plaintiffs,

v.                                                Case No.  8:06-cv-927-T-24EAJ

AMSOUTH BANK and
OZZIE MANCINELLI

    Defendants,

v.

RUSTIE'S INTERNATIONAL, INC. and
RUSTIE'S UNIQUE DESIGNS, INC.

    Cross-Defendants.

_____/

## **ORDER**

       This cause comes before the Court on Cross-Defendants Rustie's International, Inc. and Rustie's Unique Designs, Inc.'s Motions to Dismiss the First Amended Counterclaim and Cross-Complaint filed by Defendant/Cross-Plaintiff Ozzie Mancinelli.  (Doc. Nos. 65, 72).  Mancinelli opposes these motions. (Doc. Nos. 70, 73.)

**I.    Background**

       Defendant/Cross-Plaintiff Mancinelli alleges the following in his First Amended Counterclaim and Cross-Complaint:  Mancinelli sued Siewak and Barlow and Rustie's Unique Designs, Inc. for employment-related torts in a California state court and, after a jury trial in June 2004, was awarded a judgment against them in the amount of $962,029.  Mancinelli

instituted an action in Pinellas County, Florida to domesticate the California judgment.

Siewak and Barlow own and reside at the property located at 1573 Coachmakers Lane, Clearwater, Florida. They use that property as both their homestead and the business location for their companies, Rustie's International, Inc. and Rustie's Unique Designs, Inc. Rustie's International, Inc. is engaged in the same type of business as, uses the same vendors as, and is a mere continuance of Rustie's Unique Designs, Inc. Siewak and Barlow created Rustie's International, Inc. for the sole purpose of shielding Rustie's Unique Designs, Inc.'s assets and their own assets. Siewak, Barlow, and Rustie's Unique Designs, Inc. used Rustie's International, Inc. as a mere shell, instrumentality, and conduit for their own business without regard to the separate legal existence of Rustie's International, Inc.

On July 16, 2004, Siewak and Barlow filed suit in Florida state court to invalidate the California judgment.[1] On July 19, 2004, Siewak quitclaimed the Coachmakers Lane property to herself and to Barlow as joint tenants, and each designated their one-half interest in the property as homestead property. Barlow paid Siewak $100 as consideration for the transfer. On July 21, 2004, Rustie's International, Inc. purchased the assets of Rustie's Unique Designs for an appraised value of $2,850.

On April 13, 2006, Siewak and Barlow initiated this suit to obtain a declaration of homestead status for their property on Coachmakers Lane and that it is exempt from seizure and sale. They further seek a declaration that Mancinelli's judgment lien is not enforceable against their homesteaded property.

---

[1]That suit was later removed to this Court and dismissed after Siewak and Barlow failed to comply with the Court's order directing them to post a bond. *See Rustie's Unique Designs, Inc., et al. v. Mancinelli*, 8:04-cv-1926-T-24MSS.

On February 2, 2007, Mancinelli filed his First Amended Counterclaim and Cross-Complaint against Siewak, Barlow, Rustie's International, Inc. and Rustie's Unique Designs, Inc.[2] In Count One, Mancinelli alleges that Siewak and Barlow conspired to effect a fraudulent transfer of the Coachmakers Lane property via the quitclaim deed in order to prevent him from executing the California judgment. In Count Two, he alleges that they violated Florida Statutes §§ 726.105 and 726.106 by fraudulently transferring the property without legal consideration. He also alleges that Siewak and Barlow fraudulently transferred the assets of Rustie's Unique Designs, Inc. to Rustie's International, Inc. in order to prevent him from executing the judgment. At a trade show on January 27, 2006, Mancinelli witnessed Siewak and Barlow conducting the same business under the name Rustie's International, Inc. that they previously conducted under the name Rustie's Unique Designs, Inc.

Next, in Count Three, Mancinelli seeks a declaration that Rustie's International, Inc. is a mere continuance of Rustie's Unique Designs, Inc. Mancinelli also seeks a declaration that Siewak and Barlow are not entitled to a homestead exemption on the subject property under Florida Constitution Article 10, Section 4(a) because the property consists of 1.48 contiguous acres within the municipality of Clearwater, Florida, and therefore, exceeds the one-half acre maximum permitted by law for homestead property. Finally, in Count Six, Mancinelli alleges that an accounting is necessary to determine which portion of the property, if any, is exempt.

## II.     Standard of Review

---

[2]Mancinelli asserts Counts One, Two, Three, and Six against Siewak, Barlow, Rustie's International, Inc. and Rustie's Unique Designs, Inc. He asserts Counts Four and Five against only Siewak and Barlow. The Court notes that Mancinelli has improperly titled his claims against Rustie's International Inc. and Rustie's Unique Designs, Inc. as "counterclaims," rather than "cross-claims."

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at __, 127 S. Ct. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted).

**III. Discussion**

Rustie's International, Inc. and Rustie's Unique Designs, Inc. now move to dismiss Counts One, Two, and Four of Mancinelli's Cross-Complaint for failure to state a claim upon which relief can be granted. They argue that Counts One and Two should be dismissed because Mancinelli has failed to allege any conspiracy to transfer or fraudulent transfer of corporate assets either to or from them. Citing *Kee v. National Reserve Life Insurance Co.*, 918 F.2d 1538 (11th Cir. 1990), they argue that Count Four should be dismissed because Mancinelli has failed to allege the existence of a fiduciary duty or complex transaction or that the remedy at law is inadequate.

Viewing the First Amended Counterclaim and Cross-Complaint in the light most

favorable to Mancinelli, the Court concludes that he has adequately alleged facts to support Counts One, Two, and Four. Mancinelli specifically alleges that Siewak and Barlow conspired to effect the fraudulent transfer of their Coachmakers Lane property via the quitclaim deed and fraudulently transferred the corporate assets of Rustie's Unique Designs, Inc. to Rustie's International, Inc. in order to prevent him from executing the California judgment. Mancinelli further alleges that Rustie's International, Inc. is a mere continuance of Rustie's Unique Designs, Inc. and was created for the sole purpose of shielding the assets of Siewak, Barlow, and Rustie's Unique Designs, Inc. These allegations are adequate to raise Mancinelli's right to relief "above the speculative level" and to provide the cross-defendants with sufficient notice of the nature of the claims against them and the grounds upon which they rest. *Bell Atlantic Corp.*, __ U.S. at __, 127 S. Ct. at 1965. Whether Mancinelli can ultimately prove that he is entitled to relief against these cross-defendants is an issue for the trier of fact.

Finally, the Court rejects the cross-defendants' reliance on *Kee v. National Reserve Life Insurance Co.*, 918 F.2d 1538, as it is factually distinguishable. *Kee* requires a party seeking an "equitable accounting" to demonstrate "the existence of a fiduciary relationship or a complex transaction and . . . that the remedy at law is inadequate." *Id.* at 1540. Here, Mancinelli is not seeking an "equitable accounting," but rather is seeking a general accounting to determine whether and to what extent Siewak and Barlow have transferred personal and corporate assets in order to shield them from the California judgment.

**IV.     Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Cross-Defendants Rustie's International Inc. and Rustie's Unique Designs, Inc.'s Motions to Dismiss the cross-claims

asserted against them by Defendant/Cross-Plaintiff Ozzie Mancinelli (Doc. Nos. 65, 72) are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of July, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record